UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| PLAINTIFF, | ) No.   4:17-cv-3068 ) |
| v. | ) Demand for Jury Trial ) |
| HERITAGE BANK, a Nebraska Bank, | ) ) |
| DEFENDANT. | ) |

## COMPLAINT

### NATURE OF THE ACTION

1. This is an action under the Equal Pay Act of 1963 (EPA), 52 Stat. 1062, as amended, 29 U.S.C. § 206(d) *et seq*. As alleged with greater particularity below, Heritage Bank illegally paid Christine Schwieger less than it paid men for doing a job with the same required skill, effort, responsibility, working conditions, and within the same establishment.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.

3. This action is authorized and instituted pursuant to 29 U.S.C. §§ 216-217, to enforce the EPA's substantive provision prohibiting unequal pay on the basis of sex, 29 U.S.C. §§ 206(d), 215(a)(2).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1)-(2) because the Defendant is located in the jurisdiction of the United States District Court for the District of Nebraska and because a substantial portion of the employment practices alleged to be unlawful were committed within this jurisdiction.

## PARTIES

5. Plaintiff Equal Employment Opportunity Commission is the agency of the United States charged with the enforcement of the Equal Pay Act and is authorized to bring this action pursuant to 29 U.S.C. §§ 216-217, as amended by Reorganization Plan No. 1 of 1978, 43 F.R. 19807, 92 Stat. 3781, 5 U.S.C. App. § 1 (Supp. 2014), p. 230, ratified by Pub. L. 98-532, § 1, 98 Stat. 2705 (1984).

6. Defendant Heritage Bank is a Nebraska registered bank that is headquartered in Wood River, Nebraska, with sixteen locations in thirteen Nebraska cities.

7. At all relevant times, Heritage Bank continuously did business in Nebraska.

8. At all relevant times, Heritage Bank continuously was an employer within the meaning of 29 U.S.C. § 203(d), employing approximately 120 employees.

9. At all relevant times, Heritage Bank continuously employed employees engaged in commerce, industry, and sales, within the meaning of 29 U.S.C. §§ 203(b), (h), and (k).

## ADMINISTRATIVE PROCEDURES

10. On December 7, 2016, Christine Schwieger filed a charge of discrimination with the Nebraska Equal Opportunity Commission against Heritage Bank.

11. In January 2017, the charge was transferred from the NEOC to the EEOC because it includes an Equal Pay Act allegation.

12. On June 6, 2017, following the EEOC's investigation, the Director of the St. Louis District Office issued a Letter of Determination finding reasonable cause to believe that Heritage Bank violated the EPA.

## STATEMENT OF FACTS

13. In February 2010, Christine Schwieger began working as a Relationship Manager who sold insurance for Heritage Bank.

14. The hiring decision with respect to Schwieger was centralized – not branch specific.

15. Heritage Bank assigned Schwieger to work in its branch office in Hastings, Nebraska.

16. The assignment decision with respect to Schwieger was centralized – not branch specific.

17. When she began working, Heritage Bank paid Schwieger $30,000.00 plus commissions each year.

18. The compensation decision with respect to Schwieger was centralized – not branch specific.

19. During her time at Heritage Bank, Schwieger's work was supervised not by the Hastings branch manager, but by Richard Klamm, Executive Vice President of Heritage Insurance Agency.

20. Shortly after hiring Schwieger, Heritage Bank hired another woman, Amy Nissen, as a Relationship Manager who sold insurance.

21. The hiring decision with respect to Nissen was centralized – not branch specific.

22. Heritage Bank assigned Nissen to work in one of its two branches in Aurora, Nebraska.

23. The assignment decision with respect to Nissen was centralized – not branch specific.

24. Heritage Bank paid Nissen the same as Charging Party – $30,000.00 plus

commissions.

25. The compensation decision with respect to Nissen was centralized – not branch specific.

26. During her time at Heritage Bank, Nissen's work (like Schwieger's) was supervised not by the Aurora branch manager, but by Klamm.

27. In September 2013, Nissen quit working for Heritage Bank.

28. In November 2014, fourteen months after Nissen quit, Heritage hired Gary Hartley to replace her.

29. The hiring decision with respect to Hartley was centralized – not branch specific.

30. Like Nissen, Heritage Bank assigned Hartley to work in one of its two branches in Aurora, Nebraska.

31. The assignment decision with respect to Hartley was centralized – not branch specific.

32. Heritage Bank paid Hartley $40,000.00 plus commissions.

33. The compensation decision with respect to Hartley was centralized – not branch specific.

34. During his time at Heritage Bank, Hartley's work (like Schwieger's and Nissen's) was supervised not by the Aurora branch manager, but by Klamm.

35. Although Schwieger had, at the time of Hartley's hiring, been working for Heritage Bank for almost five years, she was still making only $30,000.00 plus commissions.

36. In December 2014 or January 2015, Schwieger and Hartley discussed their compensation.

37. During this conversation, Schwieger learned that she was not being paid the same as Hartley for equal work.

38.     Schwieger promptly complained to her supervisor Klamm that she was not being fairly or legally compensated.

39.     Despite complaining, Schwieger was not given a pay increase.

40.     Hartley quit working for Heritage Bank in November 2015.

41.     Schwieger quit working for Heritage Bank on December 28, 2015.

42.     At the time of her departure from Heritage Bank, almost six years after starting there, Schwieger was still making only $30,000.00 plus commissions.

43.     The jobs that Schwieger, Nissen, and Hartley did had the same title – Relationship Manager.

44.     The jobs that Schwieger, Nissen, and Hartley did had the same responsibilities – selling insurance.[1]

45.     The jobs that Schwieger, Nissen, and Hartley did required substantially equal skill, and effort, and were performed under similar working conditions.

46.     Although Schwieger worked in the Hastings, Nebraska branch and Hartley (and Nissen) worked in an Aurora, Nebraska branch (40 miles away), the facts (*inter alia* - ¶¶ 14, 16, 18, 19, 21, 23, 25, 26, 29, 31, 33, 34) support the legal conclusion that that they were "within the same establishment" under the statute, regulations, and case law, and can therefore be compared for the purposes of the EPA.

---

[1]     There were other Relationship Managers who, in addition to selling insurance, were also Loan Officers. Therefore, the Plaintiff is not asserting they are comparables.

## STATEMENT OF CLAIM

(EPA Unequal Pay – Schwieger)

47. Plaintiff repeats, re-alleges, and incorporates by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

48. Heritage Banks's acts or omissions resulting in unfairly paying Schwieger less than Hartley, a man, both in jobs with the same required skill, effort, responsibility, and working conditions within the same establishment violated 29 U.S.C. § 206(d).

49. Heritage Bank's unlawful actions were willful.

50. Heritage Bank's acts or omissions resulting in its paying Schwieger less than it paid Hartley, a man, were neither in good faith nor did it have reasonable grounds for believing that its acts or omissions were not a violation of the EPA/FLSA.

51. As a direct and proximate result of Heritage Bank's violation of 29 U.S.C. § 206(d), Schwieger suffered damages.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Enter declaratory judgment pursuant to 28 U.S.C. § 2201(a) that Schwieger and Hartley worked in the same "establishment" for Heritage Bank, as defined in 29 U.S.C. § 206(d) and 29 C.F.R. § 1620.9;

B. Enter declaratory judgment pursuant to 28 U.S.C. § 2201(a) that Heritage Bank willfully violated 29 U.S.C. § 206(d) when it discriminated against Schwieger by paying her wages at a rate less than the rate it pays wages to male employees for jobs that require substantially equal skill, effort, and responsibility, and are performed under similar working conditions within the same establishment;

C. Enter declaratory judgment pursuant to 28 U.S.C. § 2201(a) that Heritage Bank's acts or omissions giving rise to its willful violation of 29 U.S.C. § 206(d) were not in good faith nor did Heritage Bank have reasonable grounds for believing that its acts or omissions were not a violation of the EPA/FLSA;

D. Issue a permanent injunction prohibiting Heritage Bank, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from paying women less than men for jobs that require substantially equal skill, effort, and responsibility, and are performed under similar working conditions within the same establishment;

E. Grant judgment requiring Heritage Bank to pay three years of back pay and liquidated damages, pursuant to 29 U.S.C. § 216(b) to Schwieger for its violation of 29 U.S.C. §§ 206(d);

F. Grant such other and further relief as this Court deems necessary and proper in the public interest; and

G. Award the Commission its costs of this action.

## JURY DEMAND AND REQUEST FOR TRIAL IN LINCOLN

The Commission requests, pursuant to Fed. R. Civ. P. 38(b), NECivR 38.1, and NECivR 40.1(b), a jury trial in Lincoln, Nebraska, on all questions of fact raised by its complaint.

Respectfully submitted,

JAMES L. LEE
Acting General Counsel
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

GWENDOLYN YOUNG REAMS
Associate General Counsel
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

ANDREA G. BARAN
Missouri Bar Number: 46520
Regional Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
St. Louis District Office
1222 Spruce St., Room 8.100
St. Louis, MO 63103
Telephone: (314) 539-7910
Fax: (314) 539-7895
Email: andrea.baran@eeoc.gov

C. FELIX MILLER
Missouri Bar Number: 28309
Supervisory Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
St. Louis District Office
1222 Spruce St., Room 8.100
St. Louis, MO 63103
Telephone: (314) 539-7914
Fax: (314) 539-7895
Email: felix.miller@eeoc.gov

**s/ Grant R. Doty**
Missouri Bar Number: 60788
Trial Attorney for Plaintiff
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
St. Louis District Office
1222 Spruce St., Room 8.100
St. Louis, MO 63103
Telephone: (314) 539-7918
Fax: (314) 539-7895
Email: grant.doty@eeoc.gov

ATTORNEYS FOR PLAINTIFF
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION