UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>HERITAGE BANK, a Nebraska Bank,<br><br>Defendant. | 4:17CV3068<br><br>JUDGMENT AND ORDER |

This matter is before the Court on the Consent Motion for Entry of Agreed Upon Judgment and Order (Filing No. 6). Plaintiff has accepted Defendant's offer of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure and the parties have jointly submitted to the Court the agreed-upon terms upon which Plaintiff has accepted judgment. Accordingly,

**IT IS ORDERED** that the Consent Motion for Entry of Agreed Upon Judgment and Order (Filing No. 6) is granted as follows:

*I.    Recitals.*

1.    Plaintiff Equal Employment Opportunity Commission filed a one count Complaint under the Equal Pay Act of 1963 (EPA), 29 U.S.C. § 206(d) against Defendant Heritage Bank, a Nebraska Bank. Doc. # 1.

2.    The Commission alleged that Heritage Bank illegally paid Christine Schwieger less than men for a job with the same required skill, effort, responsibility, and working conditions. *Id*.

3.    After good faith negotiations and with a desire to resolve the instant controversy without the expense, delay and burden of further litigation, Heritage Bank served the

Commission on July 3, 2017, with an offer to allow judgment to be taken by Commission on specified terms pursuant to Fed. R. Civ. P. 68 (a). Doc. # 5-1.

4. On July 6, 2017, the Commission served written notice to Heritage Bank accepting its offer, pursuant to Fed. R. Civ. P. 68 (a). Doc. # 5-2.

5. The Commission then filed, as directed by Fed. R. Civ. P. 68 (a), Heritage Bank's offer (*supra* ¶ 3), its own acceptance (*supra* ¶ 4), plus proof of service, along with the agreed upon language for the Judgment and Order. Doc. # 5.

## II. *Preliminary Findings.*

6. Having carefully examined the record including Heritage Bank's offer of judgment, this Court finds:

   a. <u>Jurisdiction</u>. It has jurisdiction over the Parties and the subject matter of this action.

   b. <u>Venue</u>. Venue is appropriate.

   c. <u>Scope</u>. This Judgment and Order is intended to and does resolve all matters in controversy in this lawsuit between the Parties.

## III. *Judgment*

7. Pursuant to Fed. R. Civ. P. 68, JUDGMENT in this single count lawsuit is hereby entered in the PLAINTIFF's favor on the terms offered by Defendant Heritage Bank, accepted by the Plaintiff Equal Employment Opportunity Commission, and set forth below (*infra* §§ IV-VII; ¶¶ 8-19).

## IV. *General Remedial Provisions.*

8. <u>Applicability</u>. The terms shall be binding upon Heritage Bank's subsidiaries and its present and future owners, directors, members, officers, managers, agents, employees, successors, and assigns. Heritage Bank shall provide a copy of its Offer of Judgment,

the EEOC's acceptance of the Offer, and the resulting Court Judgment and Order to any organization or person prior to acquisition or merger.

9. <u>Duration</u>. The terms will be in effect for a period of four years.

10. <u>Continued Jurisdiction</u>. This Court shall retain jurisdiction of this case for purposes of enforcing its terms.

## V. *General Equitable Relief.*

11. <u>Non-Discrimination (Equal Pay and Nondiscrimination)</u>. In all matters arising from or relating to employment, Heritage Bank will be enjoined from engaging in any employment practice which unlawfully pays employees of one sex less than employees of the opposite sex for jobs with the same required skill, effort, responsibility, and working conditions.

12. <u>Policies</u>.

   a. Within thirty days of entry of Judgment, Heritage Bank will revise current policies or implement new policies that, at a minimum, do the following:
   
   i. Prohibit pay inequity between the sexes for jobs with the same required skill, effort, responsibility, and working conditions.
   
   ii. Prohibit retaliation against any applicant or employee because they complain about employees of one sex less being paid less than employees of the opposite sex for jobs with the same required skill, effort, responsibility, and working conditions.
   
   iii. Prohibit retaliation against any applicant or employee because they discuss their pay to determine if employees of one sex less being paid less than employees of the opposite sex for jobs with the same required skill, effort, responsibility, and working conditions.

3

   iv. Mandate the reporting, collection, and centralized maintenance of bi-annual wage/salary data by sex. Data must include employee name, sex, position, office/branch location, date hired, and starting wage/salary, and current wage/salary.

   v. Require a biannual analysis by Heritage Bank's President of the wage data to ensure employees are paid in compliance with the EPA.

   vi. Mandate the reporting, collection, and centralized maintenance of complaints about unequal pay.

  b. Heritage Bank will provide a signed certification of compliance with this requirement, including copies of the revised or new policies will to the Commission's Regional Attorney in the St. Louis District Office (at U.S. EEOC; Attention: Regional Attorney; 1222 Spruce Street; St. Louis, MO 63103), within 60 days.

13. <u>Training</u>.

  a. Within ninety days of entry of Judgment and again annually during the term of the Judgment (*supra* ¶ [9]), Heritage will provide one hour[] of training to each employee concerning the Equal Pay Act.

  b. Heritage Bank will provide signed certification of compliance with this training requirement, along with the name and qualifications of the trainer, and the list of employees receiving the training, to the Commission's Regional Attorney in the St. Louis District Office, within 120 days and thirty days after each subsequent year's training.

14. <u>Notice</u>.

    a. Within fifteen days of entry of Judgment, Heritage Bank will have its President sign the Notice attached as Exhibit A and post copies of the signed notice in each Heritage Bank facility, in locations that are accessible to all employees and job applicants.

    b. Heritage Bank will send certification of compliance with this notice requirement, including the number and location of each posting (listing both the facility and the location within in facility) to the Commission's Regional Attorney in the St. Louis District Office, within thirty days of compliance.

15.    <u>Additional Reporting</u>.

    a. Semi-annually, by August 1 and March 1 of each calendar year during the duration of the Judgment, Heritage Bank will provide the Commission's Regional Attorney in the St. Louis District Office the following:

        i. The pay data collected pursuant to new policy including employee name, sex, position, office/branch location, date hired, and starting wage/salary, and current wage/salary.

        ii. The equal pay complaints collected pursuant to the new policy including complainant, date of complaint, whether complainant is an applicant or employee, sex, subsidiary, restaurant, position, date hired, wage, and resolution of the complaint.

## VI.   *Relief with Respect to Christine Schwieger.*

16.    Within ten days of entry of Judgment, Heritage Bank will pay Christine Schwieger $30,958.90, as follows:

    a. Of that total amount, $15,479.45 is for back pay. This amount shall be reflected on an IRS Form W-2 produced by Heritage Bank. Heritage Bank

5

        shall be responsible for paying their share of the payroll taxes on this amount including all FICA and FUTA taxes, and withhold applicable payroll taxes owed by Schwieger.

    b. The remaining $15,479.45 is for liquidated damages. This amount shall be reflected on an IRS Form 1099 produced by Heritage Bank.

17. Heritage Bank will not retaliate against Schwieger for filing charge of discrimination or for her cooperation with and participation in the EEOC's lawsuit.

18. Heritage Bank does not condition the receipt of Schwieger's monetary relief on any agreement that she (a) maintain as confidential the facts and allegations underlying their complaint of discrimination, this lawsuit, or the terms of a Judgment; (b) waive their statutory rights to file a charge with any governmental agency; (c) refrain from reapplying for a job with Heritage Bank; or (d) sign a non-disparagement agreement.

## VII. *Costs.*

19. [Plaintiff has no recoverable costs. Therefore, Defendant owes none.]

**Dated this 10th day of July, 2017.**

                                    s/ Michael D. Nelson
                                    **UNITED STATES MAGISTRATE JUDGE**

*Exhibit A - Notice*

## **Notice to All Heritage Bank EMPLOYEES**

This Notice is being posted pursuant to a Judgment entered by the U.S. District Court in the District of Nebraska in *EEOC v Heritage Bank,* Case No. 4:17-cv-3068.

In that case, the EEOC alleged that Heritage Bank discriminated against a woman employee in violation of the *Equal Pay Act of 1963* (EPA).

The EPA mandates that employers pay men and women equally for jobs with the same required skill, effort, responsibility, and working conditions. The antiretaliation provision applicable to the EPA protects applicants and employees from retaliation. Specifically, it is unlawful to take a materially adverse action against an individual because of protected activity such as complaining about or discussing unequal pay.

In addition to specific monetary terms regarding the former employee, the general terms of the Judgment require Heritage Bank to:

1. Refrain from engaging in any employment practice which unlawfully pays employees of one sex less than employees of the opposite sex for jobs with the same required skill, effort, responsibility, and working conditions.

2. Refrain from retaliating against applicants or employees who complain about employees of one sex less being paid less than employees of the opposite sex for jobs with the same required skill, effort, responsibility, and working conditions or discuss their pay in order to determine if employees of one sex less being paid less than employees of the opposite sex.

3. Ensure that its policies do the following:

    a. Explicitly prohibit pay inequity between the sexes for jobs with the same required skill, effort, responsibility, and working conditions.

    b. Explicitly Prohibit retaliation against any applicant or employee because they complain about employees of one sex less being paid less than employees of the opposite sex for jobs with the same required skill, effort, responsibility, and working conditions or discuss their pay to determine if employees of one sex less being paid less than employees of the opposite sex.

    c. Mandate the reporting, collection, centralized maintenance, and analysis of bi- annual wage data by sex.

    d. Make certain reports to the EEOC to ensure compliance with the law.

EEOC enforces the federal laws against discrimination in employment, including the Equal Pay Act. General questions may be addressed by calling (800) 669-4000. Specific questions about this Notice may be directed in writing to: Heritage Bank Judgment, c/o Regional Attorney, EEOC St. Louis District Office, 1222 Spruce Street; St. Louis, MO 63103; or by phone to Grant Doty, Trial Attorney, 314-539-7918 or Felix Miller, Supervisory Trial Attorney, 314-539-7914.

Date: _____     Signed: _____, Bank President